COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| TIERRA SOL JOINT VENTURE and SAMUEL & COMPANY, INC., | § § | No. 08-07-00162-CV |
| Appellants, | § | Appeal from |
| v. | § | County Court at Law No. 5 |
| THE CITY OF EL PASO, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 96TX838) |

## O P I N I O N

Tierra Sol Joint Venture and Samuel & Company, Inc. appeal from a judgment entered in favor of the City of El Paso. This is the second time the parties have been before this court. We consider here the proper interpretation of our opinion in *Tierra Sol Joint Venture and Samuel & Company, Inc. v. The City of El Paso*, 155 S.W.3d 503 (Tex.App.--El Paso 2004, pet. denied) which we shall refer to as *Tierra Sol I*. For the reasons that follow, we affirm.

### FACTUAL AND PROCEDURAL SUMMARY

During the relevant time periods, Tierra Sol Joint Venture owned certain real property in El Paso. The property is identified as the A.F. Miller Survey 214, Abstract 3598, Tracts 15-A-3 and 15-A-4, but the parties refer to the two tracts by their corresponding tax account numbers or by the last four digits of those account numbers. We will adopt that nomenclature and refer to Tract 15-A-3 as "Tract 4530" and Tract 15-A-4 as "Tract 9625." We will also refer to the corresponding tax accounts as "Account 4530" and "Account 9625."

Ad valorem taxes on both tracts became delinquent beginning with tax year 1982 and

continuing through tax year 1995.  Sometime prior to February 21, 1990, the City filed suit seeking recovery of delinquent ad valorem taxes for tax years 1982 through 1989 on Tract 9625.  On March 2, 1990, the County Court at Law No. 4 in El Paso County entered judgment in favor of the City awarding it recovery of the delinquent taxes, penalty and interest, and collection fees.  As of January 23, 1990, the total delinquent taxes were $15,084.15, penalties and interest were $7,061.12, and the collection fees totaled $3,321.83, for a total of $25,467.10.  Because Tierra Sol did not pay the judgment, penalties and interest continued to accrue.

In 1996, the City of El Paso filed suit seeking recovery of delinquent ad valorem taxes on Tract 4530 and Tract 9625.  The City sought recovery of delinquent taxes for years 1989 through 1995 on Tract 4530 and for years 1990 through 1995 on Tract 9625.  While the suit was pending, Appellants tendered two checks dated January 29, 1997 to the City Tax Assessor-Collector for payment of the delinquent taxes on the two tracts.  The first check was in the amount of $46,083.50 and the memo line on the check contained the following:  "PAID UNDER PROTEST PID #X214-999-000A-9625 Years 1982 - 1995 principle [sic] amount."  On January 30, 1997, the City Tax Office applied $44,982.82 of the funds from that check to satisfy the 1990 judgment plus penalties and interest.  The City Tax Office applied the remaining amount of $1,100.68 as a partial payment on the penalties, interest, and taxes owed for tax year 1990 on Tract 9625.  The second check is in the amount of $91,169.35 and the memo line contained the following:  "PAID UNDER PROTEST PID #X214-999-000A-4530 Years 1982 - 1995 principle [sic] amount."  The City Tax Office applied the funds first to penalties, interest, and fees owed on Account 4530 and it applied the remainder to the delinquent taxes with the result that delinquent taxes remained due and owing on Tract 4530.

Appellants filed a counterclaim in the suit below seeking a declaratory judgment that the City could not recover interest and penalties for certain years because it had not sent the required tax

notices to the true owner. The district court sustained the City's special exception to Appellants' counterclaim. Following a bench trial, the district court entered judgment in favor of the City. Appellants appealed and this Court ruled in their favor finding that the notices sent to Robert C. Samuel could not be imputed to Tierra Sol Joint Venture because the evidence was legally insufficient to prove that Samuel was a partner in the Joint Venture. *Tierra Sol 1*, 155 S.W.3d at 508. We concluded that the City's failure to give the required tax notices mandated cancellation of penalties and interest on the taxes owed for the years 1989 through 1995 on Tract 4530 and from 1990 through 1995 on Tract 9625. *Id.* at 509. Further, we held that the trial court had erred by sustaining the City's special exceptions to Appellants' counterclaim. *Id.* at 510. We reversed the portion of the judgment awarding penalties and interest, and remanded the cause for further proceedings. *Id.*

After remand, the City Tax Office removed the penalties, interest, and fees from Account 4530 for tax years 1982 through 1995 and it reallocated the 1997 payment made on Tract 4530 to delinquent taxes only which resulted in a zero balance on that account. With respect to Tract 9625, the City Tax Office removed the penalties, interest, and fees for tax years 1990 through 1995 and applied the partial payment to delinquent taxes owed for 1990. The City did not reallocate the portion of the payment applied to satisfy the 1990 judgment. Delinquent taxes remain due and owing on Tract 9625 for tax years 1990 through 1995 in the total amount of $28,387.97.

Both parties filed amended pleadings after remand. Appellants filed a counterclaim asserting that the City had failed to comply with the judgment issued in *Tierra Sol I*. Appellants did not allege or argue in the trial court, nor have they argued on appeal, that the check tendered as payment on Tract 9625 had been applied contrary to the instructions on the check. Following a bench trial, the district court sustained the City's special exceptions to Appellants' counterclaim and entered

judgment in favor of the City awarding it recovery of $28,387.97 on Tract 9625 from Samuel & Company. The judgment also awarded foreclosure on the tax liens on Tract 9625 and ordered the property to be sold. The trial court filed findings of fact and conclusions of law.

Appellants bring three issues for review. In Issue One, they challenge the portion of the judgment awarding an *in personam* judgment against Samuel & Company. In Issue Two, they contend the trial court erred in sustaining the City's special exceptions to the counterclaim because it prevented them from compelling the City to comply with *Tierra Sol I*. In Issue Three, Appellants challenge the legal and factual sufficiency of the evidence supporting the judgment in favor of the City.

### *TIERRA SOL I*

All of the issues in this appeal revolve around the application of *Tierra Sol I* to the dispute between the parties. As might be expected, the parties have fundamentally different interpretations of that opinion. Throughout the trial below and in their brief on appeal, Appellants have asserted that *Tierra Sol I* holds that the City is not permitted to collect penalties and interest on both Tract 4530 and Tract 9625 for tax years 1982 through 1995. They reason that the City erred in applying the 1997 payment to satisfy the 1990 judgment which included penalties and interest on the delinquent taxes for tax years 1982 through 1989. On appeal, they urge that the amount found by the trial court to be due and owing on Tract 9625 is incorrect because the City did not apply the 1997 payment to the delinquent taxes in accordance with *Tierra Sol I*. The City, on the other hand, maintains that *Tierra Sol I* has no impact on the 1990 judgment but instead must be limited to its holding that the City could not collect penalties and interest on Account 4530 for tax years 1989 through 1995 and on Account 9625 for tax years 1990 through 1995. The City's interpretation of *Tierra Sol I* is correct.

In the opening paragraph, the opinion recites that the City filed suit to collect delinquent taxes on Tract 4530 for tax years 1989 through 1995 and on Tract 9625 for tax years 1990 through 1995. *Tierra Sol I*, 155 S.W.3d at 505. We found that the notices sent to Robert C. Samuel could not be imputed to Tierra Sol Joint Venture because the evidence was legally insufficient to prove that Samuel was a partner in the joint venture. *Id*. at 508. Consequently, we concluded that the City's failure to give the tax notices to Tierra Sol required that penalties and interest be canceled on "the taxes owed." *Id.* at 509. Our reference to "the taxes owed" necessarily meant the taxes at issue in the case, namely, the delinquent taxes owed on Tract 4530 for tax years 1989 through 1995 and those owed on Tract 9625 for tax years 1990 through 1995. That the opinion is so limited is further illustrated by the final three sentences of the opinion:

> Because the Court has determined there is no evidence that the Joint Venture received the delinquent tax notices and that the City is not entitled to penalties and interest on the taxes owed for the years 1989-1995 for # 4530 and 1990-1995 for # 9625, Issue No. Three is sustained. The portion of the judgment awarding penalties and interest is reversed. We remand to the trial court for proceedings not inconsistent with this opinion.

*Id*. at 510. The opinion does not mention the 1990 judgment nor does it purport to hold that penalties and interest must be canceled on the taxes owed on Tract 9625 for tax years 1982-1989 because that issue simply was not before the Court. Further, this Court did not have the power to set aside any portion of the 1990 final judgment. With this understanding of *Tierra Sol I*, we proceed to review the issues presented in this appeal.

### *IN PERSONAM* JUDGMENT

In Issue One, Appellants assert that the trial court's judgment is invalid because it awards an *in personam* judgment against Samuel & Company, Inc. for the delinquent taxes when that entity

was not a party to the suit at the time of trial and did not own either of the tracts.[1] Appellants request

that we reverse the trial court's judgment and render judgment that the City take nothing as to both

Appellants.

The judgment recites the following:

It is, therefore, ORDERED, ADJUDGED and DECREED that there is due, owing, and unpaid from Samuel & Company, Inc. to the City of El Paso the amount of $28,387.97 as delinquent taxes for the years 1990 through 1995 on the property described as 1.8507 acres, more or less, out of Tract 15-A, A.F. Miller Survey No. 214, described as Parcel 3A, an addition to the City of El Paso, being more particularly described by metes and bounds in Volume 1167, Page 613, Deed Records of El Paso County, Texas, and also identified by Tax Account No. X214-999-000A-9625.

The City concedes that the portion of the judgment awarding it an *in personam* judgment against

Samuel & Company is erroneous but it expressly represents in its brief that it releases Samuel &

Company from all personal liability under the March 22, 2007 judgment. The City draws our

attention to another paragraph in the judgment which awards an *in rem* judgment against Tract 9625:

It is further ORDERED, ADJUDGED and DECREED pursuant to TEX.TAX CODE ANN. § 33.53(a) that the tax liens existing on the above-described property shall be foreclosed and the property sold in satisfaction of the amount of this judgment.

When a taxing unit files suit to collect a delinquent ad valorem tax it has the option of suing to

"foreclose the lien securing payment of the tax, to enforce personal liability for the tax, or both."

TEX.TAX CODE ANN. § 33.41(a)(Vernon 2008). The City pursued both remedies and the trial court

granted both types of relief to the City. In addition to releasing Samuel & Company from personal

liability under the judgment, the City represents that it will proceed only *in rem* against Tract 9625

by foreclosing the tax lien that exists on the property. Given its release of Samuel & Company from

liability under the portion of the judgment awarding the City an *in personam* judgment, the City

---

[1] Samuel is not named as a party in the City's second or third amended petitions.

contends that the erroneous portion of the judgment is rendered moot and forms no basis for reversing the *in rem* judgment for foreclosure of the tax liens.

Generally, when an event occurs after a judgment that renders an issue before an appellate court moot, the court cannot decide the appeal. *Miga v. Jensen*, 96 S.W.3d 207, 223 (Tex. 2002); *General Land Office of Texas v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570-71 (Tex. 1990); *see also Camarena v. Texas Employment Commission*, 754 S.W.2d 149, 151 (Tex. 1988)(appellate courts cannot decide moot controversies). When there has ceased to be an active controversy, "the decision of an appellate court would be a mere academic exercise." *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex.App.--El Paso 1994, no writ). In this case, the City's release of Samuel & Company from liability renders moot any dispute about the portion of the judgment establishing that defendant's personal liability for the delinquent taxes. The City's release of Samuel & Company does not render the entire appeal moot but does preclude our review of Issue One.

Even if the City's release of Samuel & Company does not render the erroneous portion of the judgment moot, Appellants have provided no argument or authority in support of their argument that the entire judgment must be reversed and judgment must be rendered in their favor. The appropriate remedy in such a case would be to modify the trial court's judgment to delete the erroneous portion and affirm the judgment as modified. *See* TEX.R.APP.P. 43.2(b)(court of appeals may enter a judgment modifying the trial court's judgment and affirming as modified); TEX.R.APP.P. 44.1(b)(providing that if an error affects only part of the matter in controversy and is separable, the court of appeals must reverse only as to the part affected by the error). We overrule Issue One.

### SUFFICIENCY OF THE EVIDENCE

In Issue Three, Appellants contend that the evidence is legally and factually insufficient to support the judgment entered in favor of the City in the amount of $28,387.97 because the City failed

to reallocate the 1997 payment in compliance with *Tierra Sol I*. We have determined that Appellants' complaint about the *in personam* judgment against Samuel & Company is moot. Therefore, it is unnecessary to review the sufficiency of the evidence supporting that portion of the judgment. The trial court also awarded the City an *in rem* judgment against Tract 9625 "for the amount of the taxes, interest, penalties, and costs of court found to be due on that property" and it ordered that the tax liens be foreclosed and the property sold in satisfaction of the amount of this judgment. We proceed to consider Appellant's argument that the amount of delinquent taxes found by the trial court to be owed on Tract 9625 is not supported by legally and factually sufficient evidence. As part of this argument, we consider Appellants' assertion that the City failed to reallocate the 1997 payment made on Account 9625 to delinquent taxes only.

*Standards of Review*

A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 579 (Tex.App.--El Paso 2004, pet. denied). There are two separate "no evidence" claims. *Id*. When the party having the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." *Id*. When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *Id*.; *In re Estate of Livingston*, 999 S.W.2d 874, 879 (Tex.App.--El Paso 1999, no pet.). In this case, the City had the burden to establish the amount of delinquent taxes owed on Tract 9625.

Findings of fact in a bench trial have the same force and dignity as a jury's verdict upon questions and are reviewed for legal and factual sufficiency of the evidence by the same standards. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Anderson v. City of Seven Points*, 806 S.W.2d 791,

794 (Tex. 1991).  However, the findings are not conclusive when, as in this case, a complete reporter's record appears in the record. *See Tucker v. Tucker*, 908 S.W.2d 530, 532 (Tex.App.--San Antonio 1995, writ denied).  We review the trial court's legal conclusions *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

An appellate court will sustain a legal sufficiency or "no-evidence" challenge if the record shows:  (1) the complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence establishes conclusively the opposite of the vital fact.  *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005); *El Paso Independent School District v. Pabon*, 214 S.W.3d 37, 41 (Tex.App.--El Paso 2006, no pet.).  In conducting our review, we consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it.  *City of Keller*, 168 S.W.3d at 822.  Even if evidence is undisputed, it is the province of the trier of fact to draw from it whatever inferences it wishes so long as more than one inference is possible.  *Id*. at 821.  But if the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it.  *Id*.  We are also mindful that the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony.  *Id*. at 819.  When there is conflicting evidence, it is the province of the trier of fact to resolve such conflicts.  *Id*. at 820.  In every circumstance in which a reasonable trier of fact could resolve conflicting evidence either way, the reviewing court must presume it did so in favor of the prevailing party, and disregard the conflicting evidence in its sufficiency review.  *Id*. at 821.  If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the trier of fact must be allowed to do so.  *Id*. at 822.  So long as the evidence falls within this zone of reasonable disagreement, we may not substitute our judgment for that of the trier-of-fact.  *Id*.  The

ultimate test for legal sufficiency is whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *Id*. at 827.

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). In our review, we may not substitute our own judgment for that of the trier of fact or pass upon the credibility of the witnesses. *See Maritime Overseas Corporation v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

*Applicable Law*

Generally, property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed, and a person is not relieved of the obligation because he or she no longer owns the property. TEX.TAX CODE ANN. § 32.07 (Vernon 2008). Chapter 33 of the Tax Code authorizes a taxing unit to sue for delinquent taxes. *See* TEX.TAX CODE ANN. §§ 33.01-33.95 (Vernon 2008). At any time after its tax on property becomes delinquent, a taxing unit may file suit to enforce personal liability for the tax. TEX.TAX CODE ANN. § 33.41(a). It may also an also bring an action to foreclose the lien securing the taxes, or it may seek both types of relief. *Id.* Tax liens attach upon the land rather than upon the person, and a foreclosure suit is a proceeding "*in rem*" rather than "*in personam*." *Nickey v. State of Mississippi*, 292 U.S. 393, 397, 54 S.Ct. 743, 78 L.Ed. 1323 (1934); *Richey v. Moor*, 112 Tex. 493, 249 S.W. 172, 173-74 (1923). In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute *prima facie* evidence that each person charged with a duty

relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts. TEX.TAX CODE ANN. § 33.47(a)(Vernon 2008).

*The Relevant Findings of Fact and*
*Conclusions of Law*

The following findings are pertinent to the issue presented:

1. The Tax Office of the City of El Paso has complied with the holding in *Tierra Del Sol Joint Venture*[2] *v. City of El Paso*, 155 S.W.3d 503 (Tex.App.--El Paso 2004, pet. denied) that the tender of $91,169.35 made by and on behalf of Tierra Del [sic] Sol Joint Venture in 1997 on Account No. X214-999-000A-4530 be applied only to payment of taxes, and that no interest or penalties or interest are recoverable on Account No. X214-999-000A-9625 for 1990 through 1995.

* * * * *

11. This dispute originally involved delinquent taxes, interest and penalties owing to two separate parcels of land bearing tax account numbers X214-999-000A-4530 and X214-999-000A-9625, for years 1990 through 1995 for parcel #4530 and for years 1989 through 1995 for parcel #9625.

12. On January 29, 1997 Defendants tendered $91,169.35 to Plaintiff as payment toward what was owed on those two accounts.

* * * * *

14. Of the January 29, 1997 tender, $46,083.50 was tendered to pay what was owed for years 1982 through 1995 on account X214-999-000A-9625.

15. On March 2, 1990, the 205th District Court of El Paso County, Texas, Honorable Sam Callan [sic] presiding, entered a Judgment in Cause No. 86-5330, which awarded a judgment in favor of the City of El Paso for delinquent taxes, interest, penalties and costs on account X214-999-000A-9625 for years 1982 through 1989.

16. Upon receiving that payment of $46,083.50 the Plaintiff applied it first to pay the taxes, interest, penalties and costs which had accrued on the judgment in Cause No. 86-5330. That amount was sufficient to pay the judgment in full and to make a

---

[2] Tierra Sol was erroneously referred to as "Tierra Del Sol" numerous times during the proceeding below. The trial court acknowledged in its additional findings of fact that the correct name is "Tierra Sol Joint Venture."

partial payment on taxes assessed for 1990.

The City introduced into evidence certified delinquent tax statement details for both Tract 4530 and Tract 9625. Plaintiff's Exhibit1 pertains to Tract 4530 and reflects that there were no delinquent taxes due on that property. Plaintiff's Exhibit 2, which pertains to Tract 9625, reflects that there were delinquent taxes due in the total amount of $28,378.97 on that account for tax years 1990 through 1995. Pursuant to Section 33.47(a), the certified delinquent tax statement details constituted *prima facie* evidence that the amount of delinquent taxes due on Account 9625 for tax years 1990 through 1995 were $28,378.97.

In an apparent effort to show that the amount of delinquent taxes found by the court to be owed was incorrect and the City had not complied with *Tierra Sol I*, Appellants offered into evidence a copy of the 1990 judgment. It is undisputed that the judgment had not been paid when Appellants tendered payment on Accounts 4530 and 9625 in 1997. Appellants tendered two separate checks, one in the amount of $91,169.35 to be applied to delinquent taxes owed on Tract 4530 for tax years 1982 through 1995 and a second check in the amount of $46,083.50 to be applied to delinquent taxes owed on Tract 9625 for tax years 1982 through 1995. Copies of the two checks were admitted into evidence. The evidence does not support Finding of Fact # 12 that only a single payment of $91,169.35 was tendered for payment on both accounts, but other findings support the trial court's finding that the City complied with *Tierra Sol I*. The evidence supports the court's conclusion that $46,083.50 was tendered by Appellants to pay what was owed for years 1982 through 1995 on account X214-999-000A-9625. The evidence also supports Finding of Fact #16 because it shows that in 1997, the City Tax Office applied the payment of $46,083.50 to pay the taxes, interest, penalties and costs which had accrued on the judgment in Cause No. 86-5330. The remainder was applied toward penalties and interest on the delinquent taxes owed for tax year 1990.

Thus, a partial payment was made on the 1990 taxes. After remand and in accordance with *Tierra Sol*, the City Tax Office removed the penalties and interest on the taxes owed on Tract 9625 for tax years 1990 through 1995 and it reallocated the partial payment which had previously been applied to penalties and interest associated with tax year 1990 and applied it to solely to delinquent taxes for that tax year. The opinion and judgment in *Tierra Sol I* held that the City could not collect penalties and interest on delinquent taxes owed on Tract 9625 for tax years 1990 through 1995, but it did not hold that the City could not apply the payment of $46,083.50 to the unpaid 1990 judgment nor did it direct the City to apply that payment in any particular manner.

We find that the evidence is legally and factually sufficient to support the relevant findings of fact. Further, the trial court correctly concluded that there were delinquent taxes owed on Account 9625 in the amount of $28,378.97. Issue Three is overruled.

## THE DECLARATORY JUDGMENT COUNTERCLAIM

In Issue Two, Appellants maintain that the trial court erred by sustaining the City's special exceptions because that ruling had the effect of dismissing their counterclaim. A trial court's ruling on special exceptions is reviewed under an abuse of discretion standard. A trial court's ruling on special exceptions is reversed only if there has been an abuse of discretion. *Martin v. McDonnold*, 247 S.W.3d 224, 237 (Tex.App.--El Paso 2006, no pet.); *Adams v. First National Bank of Bells/Savoy*, 154 S.W.3d 859, 876 (Tex.App.--Dallas 2005, no pet.). A trial court abuses its discretion if its action is arbitrary, unreasonable, and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

After remand, Appellants filed their fourth amended counterclaim, which sought a declaratory judgment that the payment of $91,169.35 must be applied to the tax levies for 1982 through 1995. The counterclaim did not address Tract 9625 or the 1997 payment made on that

account. As it had done in *Tierra Sol I*, the City filed a special exception to the declaratory judgment counterclaim asserting that it had been filed for the sole purpose of recovering attorney's fees when attorney's fees would not otherwise be recoverable. With permission of the trial court, Appellants filed a trial amendment which sought a declaration that the payment of $46,083.50 made in 1997 must be applied to the tax levies on Tract 9625 for 1982 through 1995. The City did not obtain a ruling on its special exceptions prior to trial but instead raised the issue with the trial court when Appellants requested permission to file the trial amendment. The trial court did not immediately rule on the special exceptions, but the court sustained them after the final judgment had been entered by making the following additional conclusion of law:

> 9. The special exceptions filed by the Plaintiff in response to the Defendants' Fourth Amended Counterclaim are sustained.[3]

The court made the following findings of fact relevant to Appellants' defense and counterclaim:

> 4. Between the filing of the original answers of Tierra Del [sic] Sol Joint Venture, Samuel & Company, Inc. and Robert C. Samuel and the rendition of the opinion and judgment in *Tierra Del [sic] Sol Joint Venture v. City of El Paso* in November 2004, the relief being requested by way of a declaratory judgment included the same relief which those parties were seeking by way of their several answers, being a ruling that they were not liable for any interest or penalties on the taxes assessed between 1982 and 1995.
>
> * * * * *
>
> 16. Upon receiving that payment of $46,083.50 the Plaintiff applied it first to pay the taxes, interest, penalties and costs which had accrued on the judgment in Cause No. 86-5330. That amount was sufficient to pay the judgment in full and to make a partial payment on taxes assessed for 1990.

The court also made the following conclusions of law:

> 2. The primary relief sought by Tierra Del [sic] Sol Joint Venture, Samuel & Company, Inc. and Robert C. Samuel through their counterclaims in this case was received when the City of El Paso Tax Office complied with the ruling in *Tierra Del*

---

[3] In the original, the trial court struck through the word "overruled" and wrote in "sustained."

*Sol Joint Venture v. City of El Paso*, 155 S.W.3d at 509, and credited the 1997 payment of $91,169.35 solely to taxes assessed on Account No. X214-999-000A-4530, and cancelled [sic] the interest and penalties that had previously appeared on that account and on Account No. X214-999-000A-9625.

* * * * *

8. [*Tierra Sol I*] did not affect the final judgment which was previously entered in Cause No. Cause No. [sic] 86-5330, which awarded a judgment in favor of the City of El Paso for delinquent taxes, interest, penalties and costs on account X214-999-000A-9625 for years 1982 through 1989.

Appellants argue that the trial court erroneously concluded that they could not maintain their counterclaim for declaratory judgment because they had raised the same arguments in the context of their affirmative defenses. Relying on *Tierra Sol I*, Appellants contend that their counterclaim is the only remedy by which they could compel the City to apply the payments made on Accounts 4530 and 9625 to the tax levies for tax years 1990 through 1995. We disagree. By the time the trial court ruled on the special exceptions, the court had fully considered, but rejected, Appellants' defense that the 1997 payment on Account 9625 could not be applied to penalties and interest associated with tax years 1982 through 1989. We have already determined that the trial court did not err in that determination. Because Appellants were not entitled to the declarations they sought, the trial court did not abuse its discretion by sustaining the special exceptions. We overrule Issue Two and affirm the judgment of the trial court.

August 28, 2009

                         ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.