**Vacated and Dismissed and Memorandum Opinion filed August 4, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-22-00018-CV

---

## MONIQUE NABORS, Appellant

### V.

## COPPER GROVE OWNERS ASSOCIATION, INC., Appellee

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2020-40801**

---

### MEMORANDUM OPINION

This is an appeal from a final judgment signed December 16, 2021 awarding appellee, a homeowner's association ("the Association"), damages, costs, and attorneys' fees with interest. After appellant filed her notice of appeal, the Association filed a full satisfaction and release of judgment. On appeal, the homeowner appellant, Monique Nabors ("Nabors"), argues the trial court's judgment should be set aside because she made payments satisfying the amount in dispute before the final judgment was signed. The Association urges the court to

dismiss the appeal as moot. We agree the appeal is moot, dismiss the appeal, and vacate the judgment of the trial court.

## Background

The record reflects the Association sued Nabors for delinquent assessments, interest, attorneys' fees and to foreclose on its lien on the property as provided by the declaration governing Nabors' property. On December 16, 2021, the trial court granted the Association's motion for summary judgment. The judgment did not provide for foreclosure on Nabors' property. In its appellate brief, the Association explains that Nabors made several partial payments toward her delinquent balance after the motion for summary judgment was filed, but before the judgment was signed. According to the brief, Nabors made a payment three days before the December 13, 2021 hearing. According to the Association, Nabors' payments were not sufficient to satisfy the entire delinquency. Additionally, at the time of hearing and subsequent signing of the judgment, the Association had not received confirmation that the payments had cleared.

The Association contends that at the hearing, it acknowledged receipt of the payments and, in light of the payments, the Association submitted a modified proposed judgment accounting for Nabors' payments and dropping the request to foreclose on its lien. The record does not reflect that Nabors filed a response to the Association's motion for summary judgment. In her brief, Nabors argues that she had no notice of the summary judgment hearing. This court ordered a supplemental clerk's record reflecting that notice of hearing was filed in the trial court on October 22, 2021. That document indicates it was provided to Nabors by registered certified mail, return receipt requested.

The Association states that after the trial court signed the judgment, Nabors paid the Association amounts sufficient to satisfy the final judgment. According to

2

the Association, after receiving Nabors' final payment, it executed and filed its full satisfaction and release of judgment. This court ordered a supplemental clerk's record showing that document was filed with the trial court on January 26, 2022.

The record is devoid of any filing on behalf of Nabors with the exception of her notice of appeal, to which she attached copies of the checks she paid the Association.

## Mootness

We must first address the Association's mootness claim, because mootness is a threshold issue that implicates subject matter jurisdiction. *See Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993). The mootness doctrine prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by article II, section 1 of the Texas Constitution. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000). An issue may become moot when a party seeks a ruling on some matter which, when rendered, would not have any practical legal effect on a then-existing controversy. *In re H&R Block Fin. Advisors, Inc.*, 262 S.W.3d 896, 900 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Stated differently, an issue may be moot if it becomes impossible for the court to grant effectual relief for any reason. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). A controversy must exist between the parties at every stage of the legal proceedings, including appeal. *Id*.

Generally, when a judgment debtor voluntarily pays and satisfies a judgment against him, he waives his right to appeal, and the cause must be dismissed as moot. *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 497 (Tex. App.—El Paso 2009, no pet) (release of appellants from portion of liability in judgment renders those questions on appeal moot). The rule is intended to

3

prevent a party who voluntarily satisfies a judgment from later changing his or her mind and appealing. *Id*. "Voluntary payment ends the controversy, and appellate courts will not decide moot cases involving abstractions." *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982).

If a case is moot on appeal, the appellate court is required to vacate any judgment or order in the trial court and dismiss the case. *See Reule v. RLZ Invs*., 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (vacating trial court judgment where appellee released appellant from judgment on appeal), citing, *Speer*, 847 S.W.2d at 228 (vacating judgment of the court of appeals and of the trial court and dismissing the case as moot); *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.) (vacating trial court's interlocutory order where controversy became moot during appeal); *Thompson v. Ricardo*, 260 S.W.3d 100, 105 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (vacating portion of trial court's order rendered moot on appeal). The Association "wholly release[d] its right to recover pursuant to the said Judgment" in its satisfaction and release of judgment. Therefore, a live controversy no longer exists, and the case is rendered moot. *See Reule*, 411 S.W.3d at 32.

### Conclusion

Because it is uncontested that the judgment has been voluntarily satisfied and released by the Association, we hold the appeal is moot. *See Goad v. County of Guadalupe*, No. 04-14-00497-CV, 2016 WL 402332 at *1 (Tex. App.—San Antonio Feb 3, 2016, pet. denied) (voluntary payment of judgment renders appeal moot); *F.D.I.C. v. Spring Branch Independent School Dist.*, No. 14-91-00899-CV, 1992 WL 117402 at *1 (Tex. App.—Houston [14th Dist.] June 4, 1992, no writ) (voluntary payment of judgment renders appeal moot). Accordingly, we vacate the judgment of the trial court and dismiss the appeal as moot. *See Marshall*, 198

S.W.3d at 787, citing, *Speer*, 847 S.W.2d at 230; *Woodfield*, 305 S.W.3d at 416 ("If a case is moot, the appellate court is required to vacate any judgment or order in the trial court and dismiss the case.").

PER CURIAM

Panel Consists of Justices Bourliot, Hassan, and Wilson.