**Vacated, Dismissed as Moot, and Opinion filed August 8, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01002-CV

---

**CHRISTINE E. REULE, Appellant**

**V.**

**RLZ INVESTMENTS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1001350**

---

### O P I N I O N

Appellant Christine E. Reule appeals from the trial court's judgment awarding appellee RLZ Investments, Inc. immediate possession of Reule's place of residence. Reule principally contends that the trial court, a Harris County court at law, erred by proceeding to judgment in RLZ's forcible detainer action because a Harris County district court's protective order barred RLZ from proceeding with the county-court-at-law action while a suit to determine title to the property was

pending in that district court. During the pendency of this appeal, RLZ released Reule from the final judgment from which Reule appeals. We therefore vacate the trial court's judgment and dismiss the case.

## *Discussion*

RLZ brought a forcible detainer action against Reule based on its alleged acquisition of Reule's place of residence at a foreclosure sale.[1] On November 14, 2011, the trial court issued a final judgment awarding RLZ possession of the premises where Reule resided, but RLZ never took possession of the property. Instead, RLZ has filed two documents with this court expressly releasing Reule from the judgment "until the end of time" and waiving any right to enforce the judgment. Because of this release, RLZ urges the case is moot. We agree.

For Reule to have standing at each stage of the litigation, a live controversy must exist between the parties throughout the legal proceedings, including the appeal. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). "If the controversy no longer exists—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome' — the case becomes moot." *Id.* The mootness doctrine limits courts to deciding cases in which an actual controversy exists between the parties. *Fed. Deposit Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex. 1994). In other words, if a judgment cannot have a practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion. *Thompson v. Ricardo*, 269 S.W.3d 100, 103 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Tex. Const. art. II, § 1, *et al.*).

---

[1] Reule titled her responsive pleading Objection to Jurisdiction, Answer and Affirmative Defenses and Cross-Complaint and Request for Jury Trial. Reule, however, did not raise any counter-claims.

Generally, if we find a case to be moot on appeal, all previous orders and judgments must be set aside and the case dismissed. *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 228 (Tex. 1993); *Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 226, 317 S.W.2d 725, 726 (1958); *Freeman v. Burrows*, 141 Tex. 318, 319, 171 S.W.2d 863 (1943); *Thompson*, 269 S.W.3d at 104.

RLZ has expressly released and waived its right to enforce the judgment from which Reule appeals. Consequently, a live controversy no longer exists, and the case is rendered moot. *See, e.g., Tierra Sol Joint Venture v. City of El Paso*, 311 S.W.3d 492, 496-97 (Tex. App.—El Paso 2009, pet. denied) (holding appellee's release of appellant from portion of trial court's judgment rendered issues relating to that portion moot).

Texas courts have recognized two exceptions to the mootness doctrine, under which an appellate court should still consider the merits of an appeal even if the immediate issues between the parties have become moot: (1) the capability of repetition yet evading review exception and (2) the collateral consequences exception. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980). Neither exception applies under the circumstances of this case. The "capable of repetition yet evading review" exception is applied where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot. *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18 (Tex. App.—Houston [1st Dist.] 1988, no writ). That is not the case here and Reule does not suggest otherwise.

In order to invoke the collateral consequences exception, Reule would have to show both that a concrete disadvantage resulted from the judgment and the disadvantage would persist even if the judgment were vacated and the case

3

dismissed as moot.  *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 784, 790 (Tex. 2006).  Reule complains that the judgment hurts her reputation and credit, but she fails to explain why this practical consequence would persist once the judgment is vacated.  Neither exception therefore applies to warrant consideration of the substance of the appeal.

We vacate the trial court's judgment and dismiss the case.[2]


/s/     Martha Hill Jamison
Justice

Panel consists of Justices Boyce, Jamison, and Busby.

---

[2] *See Marshall*, 198 S.W.3d at 784, 790 (vacating judgments and dismissing forcible detainer case as moot where tenant was no longer in possession of premises and lease had expired).