# NO. 12-18-00100-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *METROPOLITAN PROPERTY* | | |
| *AND CASUALTY INSURANCE* | § | *ORIGINAL PROCEEDING* |
| *COMPANY, ET AL,* | | |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

Metropolitan Property and Casualty Insurance Company, Metropolitan Casualty Insurance Company, Metropolitan Direct Property and Casualty Insurance Company, Metropolitan General Insurance Company, Metropolitan Lloyds Insurance Company of Texas, and Economy Premier Insurance Company (collectively "Metropolitan") seek mandamus relief from the trial court's orders denying its motion to transfer venue and motion to sever.[1] We deny the writ.

## BACKGROUND

In 2013, Patti Wan was involved in an automobile collision with Fidel Campos's minor son, an uninsured motorist. Wan was covered by an insurance policy issued by Metropolitan that included uninsured motorist (UM) coverage. Metropolitan paid Wan's property damage and bodily injury claims, less her $250 deductible on the property claim. Metropolitan obtained partial subrogation from Campos and entered into a repayment agreement with him. Metropolitan reimbursed Wan's deductible in April 2017.

Subsequent to the collision, Wan sued Campos for personal injuries allegedly sustained in the collision. In October 2017, she amended her petition to include allegations against Metropolitan for breach of contract, conversion, breach of fiduciary duty, civil conspiracy, and

---

[1] The Respondent is the Honorable J. Clay Gossett, Judge of the 4th Judicial District Court, Rusk County, Texas. The underlying proceeding is trial court cause number 2013-395, styled ***Patti Wan, Individually & On Behalf of all Others Similarly Situated v. Fidel Campos; Metropolitan Property & Casualty Ins. Co.; Metropolitan Casualty Ins. Co.; Metropolitan Direct Property & Casualty Co.; Metropolitan General Ins. Co.; Economy Fire & Casualty Co.; Economy Preferred Ins. Co.; Metropolitan Lloyds Ins. Co. of Texas; Economy Premier Assurance Co.; and Liberty County Mutual Ins. Co.***

declaratory judgment. She alleged that Metropolitan failed to timely reimburse her deductible, and she sought certification of a class. Metropolitan moved to transfer venue to Dallas County and sever the claims against it from the claims against Campos. Following a hearing, the trial court denied both motions. This original proceeding followed.

## AVAILABILITY OF MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion by failing to analyze or apply the law correctly. *Id.* As the party seeking relief, the relator bears the burden of demonstrating entitlement to mandamus relief. *Id.* at 837; *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *In re Prudential,* 148 S.W.3d at 136. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate. *Id.* This determination is not "abstract or formulaic," but rather is a practical and prudential determination. *Id.* at 136. Flexibility is the principal virtue of mandamus relief and rigid rules are "necessarily inconsistent" with that flexibility. *Id.* Thus, the supreme court has held that "an appellate remedy is not inadequate merely because it may involve more expense or delay" than a writ of mandamus, however, the word "merely" must be carefully considered. *Id.* Appeal is not an adequate remedy when the denial of mandamus relief would result in an "irreversible waste of judicial and public resources." *Id.* at 137. The decision whether there is an adequate remedy on appeal "depends heavily on the circumstances presented." *Id.* The decision is not confined to the private concerns of the parties but can extend to the impact on the legal system. *Id.*

## SEVERANCE

In its first issue, Metropolitan contends the trial court abused its discretion when it denied the motion to sever Wan's claims against it from her claims against Campos. However, Wan filed

a motion to lift the stay imposed by this Court, on grounds that she no longer desired to contest the severance.[2]  In her response to Metropolitan's petition, Wan withdrew her opposition to the motion to sever and agreed to sever her claims against Metropolitan from her claims against Campos.

When, as in this case, a controversy no longer exists between the parties, the case becomes moot.  ***Reule v. RLZ Inv.***, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  When a judgment "cannot have a practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion."  ***Id***.  An opinion is advisory when it neither constitutes specific relief to a litigant nor affects legal relations.  *See **Houston Chronicle Publ'g Co. v. Thomas***, 196 S.W.3d 396, 401 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Accordingly, because Wan has expressly represented to this Court that she no longer contests Metropolitan's entitlement to a severance, we conclude that this issue is now moot.  *See **Reule***, 411 S.W.3d at 32.  Thus, we need not address it.[3]  *See* TEX. R. APP. P. 47.1.

## MOTION TO TRANSFER VENUE

In its second issue, Metropolitan argues that the trial court abused its discretion in denying the motion to transfer venue to Dallas County.  Metropolitan urges that there is no basis for venue in Rusk County once the claims against it are severed.

A party may appeal a venue ruling following a trial on the merits.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b) (West 2017).  If venue was improper, "it shall in no event be harmless error and shall be reversible error."  ***Id.***  Consequently, venue determinations generally are not reviewable by mandamus.  ***In re Masonite Corp.***, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding).  A party seeking to enforce a mandatory venue provision is not required to prove the lack of an adequate appellate remedy, but is required only to show that the trial court abused its discretion.  ***In re Mo. Pac. R.R. Co.***, 998 S.W.2d 212, 216 (Tex. 1999).  However, when the relator does not seek enforcement of a mandatory venue statute, mandamus generally is not available absent an abuse of discretion by the trial court and an inadequate appellate remedy.  *See **id***.  But mandamus review of permissive venue determinations is appropriate only in

---

[2] We denied Wan's motion to lift the stay.

[3] We trust that the parties will present Respondent with an order granting the severance and that Respondent will sign such an order in light of Wan's acquiescence to the severance.

"extraordinary circumstances." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

Metropolitan alleges that venue in Rusk County is improper because its principal place of business is in Dallas County. Therefore, according to Metropolitan, proper venue lies in Dallas County and Wan's claims against it should be transferred because they were improperly joined with her claims against Campos and no venue facts support venue in Rusk County. Although Metropolitan does not direct this Court to the specific venue provision on which it relies, we assume Metropolitan relies on Section 15.032 of the Texas Civil Practice and Remedies Code, which pertains to insurance. Under that section, a suit against an insurance company may be brought in the county in which the company's principal office is located, the county in which the loss occurred, or the county in which the policyholder resided at the time the cause of action accrued. TEX. CIV. PRAC. & REM. CODE ANN. § 15.032 (West 2017). The Texas Civil Practice and Remedies Code expressly identifies Section 15.032 as a permissive venue statute, thus, Metropolitan relies upon permissive venue, not mandatory venue. *See id.*; *see also Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 682 n.5 (Tex. App.—Austin 2003, no pet.) (noting that Section 15.032 is a permissive venue scheme). As a result, absent "extraordinary circumstances," mandamus review is not appropriate in this case. *See Masonite*, 997 S.W.2d at 197; *Team Rocket*, 256 S.W.3d at 262.

Assuming, without deciding, that this case satisfies the extraordinary circumstances requirement, Metropolitan is entitled to a writ of mandamus only if it establishes both prerequisites to mandamus review. *See In re Fitzgerald*, 429 S.W.3d at 891. And the mandamus record does not demonstrate Metropolitan's ability to establish an abuse of discretion.

Rather, the record demonstrates that Wan brought forth sufficient venue facts to support venue in Rusk County with respect to her lawsuit against Metropolitan. Under the Texas Insurance Code, an action against an insurer in relation to uninsured motorist coverage must be brought in the county in which the accident occurred or the policyholder resided at the time of the accident involving the uninsured motor vehicle. TEX. INS. CODE ANN. § 1952.110 (West 2009). In this case, it is undisputed that the accident in question occurred in Rusk County and that Wan resided in Rusk County at the time of the accident. In addition, Wan's allegations against Metropolitan concern the manner in which Metropolitan handled the reimbursement of Wan's uninsured motorist property claim. Unlike Section 15.032, Section 1952.110 is a mandatory

4

venue provision. *See **In re Reynolds***, 369 S.W.3d 638, 648 (Tex. App.—Tyler 2012, orig. proceeding). As a result, Wan's lawsuit against Metropolitan necessarily relates to her uninsured motorist coverage and venue is mandatory in Rusk County. *See* TEX. INS. CODE ANN. § 1952.110.[4] Thus, even assuming the lack of an adequate remedy, Metropolitan cannot show that Respondent abused his discretion by denying the motion to transfer venue. Consequently, Metropolitan fails to meet its burden of establishing both prerequisites to mandamus relief regarding Respondent's venue determination. *See **Fitzgerald***, 429 S.W.3d at 891.

## DISPOSITION

Having determined that Metropolitan's first issue is moot and that it failed to establish an entitlement to mandamus relief through its second issue, we ***deny*** the petition for writ of mandamus. We lift our stay of proceedings ordered on April 25, 2018.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 31, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[4] In its reply brief, Metropolitan argues Section 1952.110 does not apply. We disagree for the reasons stated in the opinion. However, even assuming Metropolitan is correct, venue is still proper in Rusk County under the permissive venue statute because Wan resides in Rusk County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.032.

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2018**

**NO. 12-18-00100-CV**

**METROPOLITAN PROPERTY AND CASUALTY
INSURANCE COMPANY, ET AL,**
Relators
V.

**HON. J. CLAY GOSSETT,**
Respondent

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus filed by Metropolitan Property and Casualty Insurance Company, et al; who are the relators in Cause No. 2013-395, pending on the docket of the 4th Judicial District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on April 24, 2018, and the same having been duly considered, because it is the opinion of this Court that writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

It is further ORDERED that the Relators, **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL,** pay all costs incurred by reason of this proceeding.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*