

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-17-00345-CV

SEASON JENNIFER WEETER                                    APPELLANT

V.

NAPA VENTURES WOODBRIDGE,                                 APPELLEE
LLC D/B/A WOODBRIDGE
TOWNHOMES

----------

### FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 2017-004166-1

----------

## MEMORANDUM OPINION[1]

----------

In this forcible-detainer case, Season Jennifer Weeter appeals from the trial court's judgment awarding NAPA Ventures Woodbridge, LLC d/b/a Woodbridge Townhomes possession of real property, court costs, attorney's fees, and postjudgment interest. After the trial court signed the judgment, Weeter

---

[1]*See* Tex. R. App. P. 47.4.

moved the trial court to set a supersedeas bond. The trial court granted the motion and set the supersedeas amount at $700 per month. In her brief, Weeter argues that the evidence was insufficient to support the forcible-detainer judgment, that the trial court abused its discretion by allowing a witness who lacked "direct knowledge" to testify for Woodbridge, and that the supersedeas amount is too high.

After Weeter filed her appellate brief, Woodbridge released her from the judgment:

> WHEREAS on the 25th day of August, 2017, **Plaintiff NAPA Ventures Woodbridge, LLC d/b/a Woodbridge Townhomes** ("Judgment Creditor"), recovered judgment against **Season Jennifer Weeter** ("Judgment Debtor") . . . for possession of the subject premises, . . . costs of court, and $600 in attorney's fees, plus 5% post-judgment interest, compounded annually, and whereas Woodbridge wishes to release its judgment.

> NOW, THEREFORE, **NAPA Ventures Woodbridge, LLC d/b/a Woodbridge Townhomes**, the legal holder and owner of said judgment, has this day canceled, released and discharged, and by these presents does cancel, release and discharge unto the said Jennifer Season Weeter [sic], her successors, executors, administrators, representatives, heirs, or assigns, all the right, title, interest and estate in and to said judgment, which Woodbridge have or may have therein.

Because Woodbridge has released its judgment, it contends that a controversy no longer exists between it and Weeter and has moved to dismiss this appeal "based on the mootness of the underlying case."[2]

---

[2]Woodbridge filed a copy of the "Release of Judgment" with the trial-court clerk. Woodbridge's motion has been pending in this court for more than ten

2

The only issue in a forcible-detainer case is the right to actual possession of the subject property. Tex. R. Civ. P. 510.3(e); *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002). "If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982)). A case is moot when a judgment cannot have a practical effect on an existing controversy. *Reule v. RLZ Invs.*, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Meeker v. Tarrant Cty. Coll. Dist.*, 317 S.W.3d 754, 759 (Tex. App.—Fort Worth 2010, pet. denied). When a case becomes moot on appeal, we must set aside the judgment and dismiss the case. *See Marshall*, 198 S.W.3d at 785; *Reule*, 411 S.W.3d at 32; *Meeker*, 317 S.W.3d at 759, 763; *see also* Tex. R. App. P. 43.2(e) (permitting an appellate court to "vacate the trial court's judgment and dismiss the case").

Woodbridge has expressly canceled, released, and discharged its right to enforce the judgment from which Weeter appeals. A live controversy therefore no

---

days, and Weeter has not responded or objected to the motion. *See* Tex. R. App. P. 10.3(a).

longer exists, and the case is rendered moot.[3] *See Reule*, 411 S.W.3d at 32; *see also Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding that because appeal was moot, issue regarding supersedeas-bond amount was also moot); *Rapp v. Mandell & Wright, P.C.*, 123 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("An unconditional release of judgment operates as a total relinquishment of all rights of the judgment creditor in the judgment. It is a complete discharge of the debt created by the judgment and a complete surrender of the judgment creditor's rights in the judgment.").

We therefore grant Woodbridge's motion to dismiss, vacate the trial court's judgment, and dismiss the case as moot. *See* Tex. R. App. P. 43.2(e); *Reule*, 411 S.W.3d at 33.

---

[3]There are two recognized exceptions to the mootness doctrine: (1) the capable-of-repetition-yet-evading-review exception and (2) the collateral-consequences exception. *Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). The former exception is rare, and to invoke it, a party must establish that the challenged act is of such short duration that the party cannot obtain review before the issue becomes moot and that there is a reasonable expectation that the party could be subjected to the same action again. *See Williams*, 52 S.W.3d at 184. The latter requires that a party show that the judgment resulted in a concrete disadvantage that will persist even if the judgment were vacated. *See Marshall*, 198 S.W.3d at 789. Neither exception applies here.

4

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  KERR, PITTMAN, and BIRDWELL, JJ.

DELIVERED:  August 16, 2018