**Vacated and Dismissed and Memorandum Opinion filed June 2, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00734-CV

---

## CASTO LOPEZ CONCRETE, LLC, VENANCIO LOPEZ, INDIVIDUALLY, AND CASTO LOPEZ, INDIVIDUALLY, Appellants

### V.

### SAGE COMMERCIAL GROUP, LLC, Appellee

---

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2019-46444A**

---

### MEMORANDUM OPINION

In this commercial-construction case, a subcontractor and a contractor dispute the propriety of the trial court's removal of the subcontractor's lien. The contractor, Sage Commercial Group (Sage), filed a summary motion to remove the subcontractor's lien, which the trial court granted. Sage subsequently filed a bond to indemnify the lien pursuant to section 53.171 of the Property Code, and filed a motion requesting severance of the order granting its motion to remove the lien. The

trial court granted the severance and this appeal followed. In two issues, the subcontractor, Casto Lopez Concrete, and its owners assert the trial court erred in removing the entire lien and in severing the order from the underlying case. Concluding there is no live controversy for this court to address, we vacate the trial court's order and dismiss this appeal as moot.

## BACKGROUND

Sage is a general contractor hired to construct a commercial building and parking lot. Lopez Concrete is a subcontractor who agreed to provide concrete work on the construction project. During construction, Lopez Concrete stopped working and Sage stopped paying Lopez Concrete. The parties dispute which of these events occurred first and who was responsible. This dispute is the subject of the underlying litigation.

On July 9, 2019, Sage sued Lopez Concrete and its individual owners Venancio Lopez and Casto Lopez (collectively, the Lopez Parties) alleging breach of contract. The Lopez Parties answered the suit alleging, inter alia, a prior breach by Sage.

On July 26, 2019, the Lopez Parties recorded affidavits asserting mechanic's and materialman's liens in the real property records of Guadalupe and Comal Counties claiming that $174,998.91 was due and owing to the Lopez Parties. Sage subsequently amended its petition to include claims for an invalid or fraudulent lien, declaratory judgment, and breach of personal guarantee by the owners of Lopez Concrete.

On September 17, 2019, Sage filed a motion for partial removal of the Lopez Parties' lien. *See* Tex. Prop. Code § 53.160 (allowing removal of invalid or unenforceable lien). Sage alleged that the Lopez Parties failed to timely provide

notice of their claim for amounts they alleged were incurred for labor and/or materials. *See* Tex. Prop. Code § 53.056 (providing, inter alia, deadlines for notice to contractor or owner of subcontractor's lien). Pursuant to section 53.156 of the Property Code, Sage sought attorney's fees incurred in removing the lien. *See* Tex. Prop. Code § 53.156 (permitting award of costs and attorney's fees in any proceeding to declare a lien invalid or unenforceable).

The Lopez Parties responded to Sage's motion to remove the lien and asserted that they had provided timely notice of their claim. The Lopez Parties attached affidavits to their response and asked the trial court to deny the motion to remove the lien and "grant Defendants any further relief to which it [sic] may show itself justly entitled."

On October 28, 2019, the trial court signed an order removing the lien from the property and awarding Sage attorney's fees, pursuant to section 53.156 of the Property Code. The same day Sage filed notice of indemnity bond to indemnify against the lien filed by the Lopez Parties. Sage subsequently moved to sever the order removing the lien from the underlying action. The Lopez Parties opposed severance asserting that severance of the order would circumvent the Legislature's intent that such interlocutory orders not be appealed. *See* Tex. Prop. Code § 53.160 ("A party to the proceeding may not file an interlocutory appeal from the court's order."). On September 12, 2020, the trial court granted Sage's motion and severed the removal order from the underlying suit. The Lopez Parties timely appealed.

**ANALYSIS**

## I.  Mechanic's and Materialman's Lien Statutory Framework

We begin by setting out the governing statutory framework. A subcontractor, such as Lopez Concrete, is considered a derivative claimant because, "unlike a

3

general contractor, [it] has no constitutional, common law, or contractual lien on the property of the owner." *First Nat. Bank in Graham v. Sledge*, 653 S.W.2d 283, 285 (Tex. 1983). As a result, a derivative claimant's right to recover against the property owner or contractor depends entirely on the lien statutes. *Id.* Chapter 53 entitles a person who supplies labor or furnishes materials to construct or repair a "house, building, or improvement" pursuant to a contract with the property owner, the owner's agent, or the original contractor to a lien on that property and on "each lot of land necessarily connected" under certain circumstances. Tex. Prop. Code §§ 53.021–.023.

Section 53.171 of the Property Code permits anyone to file a bond to indemnify against a mechanic's lien. Tex. Prop. Code § 53.171(a). The purpose of the bond is to remove the lien on the property. Tex. Prop. Code §§ 53.157; 53.171(a); *Stolz v. Honeycutt*, 42 S.W.3d 305, 312 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Kelley v. Bluff Creek Oil Co.*, 309 S.W.2d 208, 211 (Tex. 1958) (indemnity bond substitutes surety in place of lien as security on claim)). The bond protects someone acquiring an interest in the property, whether purchaser, insurer of title, or lender, from prosecution of the mechanic's lien. *See* Tex. Prop. Code § 53.174(b). The bond does not supplant the underlying claim on which the lien is based. *Stolz*, 42 S.W.3d at 312.

## II.     The Lopez Parties' appeal of the order removing the lien is moot.

On appeal the Lopez Parties raise two issues challenging the trial court's order removing the lien. In the Lopez Parties' first issue they allege the trial court erred in "invalidating the entire lien and awarding Sage attorney's fees[.]" In the Lopez Parties' second issue they allege the trial court erred in granting Sage's motion to sever the order removing the lien from the underlying litigation.

In their brief the Lopez Parties address those issues on the merits, then assert

4

a third issue as follows:

> This Court Must Remand with Instructions to Adjudicate and Entry [sic] Judgment Awarding Costs and Fees for the Prevailing Party on the Basis that Sage's Claim and Casto Lopez['s] Lien Have been Mooted by Sage's Statutory Indemnity Bond.

Sage opens its brief asserting that the issue of removal of the lien is moot. Therefore, both parties agree that the issue of removal of the lien is moot due to the filing of the indemnity bond.

"[A] suit can become moot at any time, including on appeal," and "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson County*, 369 S.W.3d 137, 166–67 (Tex. 2012). A controversy must exist between the parties at every stage of the legal proceedings, including the appeal. *Bd. of Adjustment of San Antonio v. Wende*, 92 S.W.3d 424, 427 (Tex. 2002). "If a controversy ceases to exist—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). A case becomes moot when: (1) it appears that a party seeks to obtain a judgment upon some controversy, when in reality none exists; or (2) a party seeks a judgment upon some matter, which cannot have any practical legal effect upon a then existing controversy. *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). The mootness doctrine prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021).

In this case, the indemnity bond discharged the lien rendering the trial court's decision to remove the lien moot. *See* Tex. Prop. Code § 53.171. Therefore, any

decision by this court on the merits of the trial court's removal of the lien would have no practical legal effect on an existing controversy. Similarly, with regard to the Lopez Parties' challenge to the trial court's severance of the order removing the lien, any opinion by this court on that issue would be advisory, which is outside our jurisdiction proscribed by the Texas Constitution.

Thus, subsequent events—filing of the indemnity bond—have mooted the Lopez Parties' challenge to the trial court's removal of the lien, and to sever the order removing the lien from the underlying action because this court's "action on the merits cannot affect the parties' rights or interests." *See Heckman*, 369 S.W.3d at 162. We therefore overrule the Lopez Parties' first two issues as moot.

## III. Remand for attorney's fees is not required.

As stated above, the Lopez Parties concede that the controversy over removal of the lien is moot, but ask that we remand to the trial court "to conduct an evidentiary hearing on attorney's fees and costs, and then enter final judgment awarding same to the prevailing party."

### A. Legal Principles

The Supreme Court of Texas has recognized that in some cases—but not all—a claim for attorney's fees "breathes life" into a claim that has become moot in all other respects. *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988) (concluding that when the claimants prevailed in the trial court before their underlying claims became moot, their claim for attorney's fees as prevailing parties remained live even though the underlying claims were moot); *see also Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) (holding that an attorney's-fees claim based on a statute that allows fee awards to non-prevailing parties remains live even after the underlying claim becomes moot); *Speer v. Presbyterian Children's*

6

*Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993) (distinguishing *Camarena v. Texas Employment Commission* and holding that an attorney's-fees claim under a prevailing-party statute had become moot along with the underlying claim because the claimant had not prevailed before mootness occurred).

Whether an attorney's-fees claim breathes life into an otherwise moot appeal depends first on whether the claimant seeks the fees under a statute that authorizes fees only for a prevailing party, or under a statute that permits fees based on equitable principles regardless of who prevails. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018). If the statute allows a non-prevailing party to recover fees under equitable principles, the claim for fees breathes life into a case that has otherwise become moot, because the trial court must consider the relative merits of the parties' positions (among other factors) when exercising its discretion to award fees to either party. *Allstate*, 159 S.W.3d at 643.

The relevant provision of the Property Code in this case allows a non-prevailing party to recover fees under equitable principles. The Property Code provides, "In any proceeding to foreclose a lien or to enforce a claim against a bond issued under Subchapter H, I, or J or in any proceeding to declare that any lien or claim is invalid or unenforceable in whole or in part, the court shall award costs and reasonable attorney's fees as are equitable and just." Tex. Prop. Code § 53.156. Section 53.156 by its terms makes the award of attorney's fees discretionary and not automatic, even to a prevailing party. *Schear Hampton Drywall, LLC v. Founders Commercial, Ltd*., 586 S.W.3d 80, 94 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Section 53.156 requires a court to award costs and attorney's fees in an action to foreclose a lien as it deems "equitable and just." Tex. Prop. Code § 53.156. Awarding fees in an equitable and just way is a matter squarely within the trial court's discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

7

Therefore, in this case, an outstanding claim for attorney's fees could "breathe life" into an otherwise moot appeal. The issue then becomes whether the Lopez Parties made a claim for attorney's fees in the trial court.

**B.** **The Lopez Parties did not plead for attorney's fees pursuant to section 53.156 of the Property Code.**

Absent a mandatory statute, a trial court's jurisdiction to render a judgment for attorney's fees must be invoked by pleadings. *In re Estate of Gaines*, 262 S.W.3d 50, 60 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A trial court may award attorney's fees if (a) the party pleaded for such relief, (b) a mandatory statute requires an award of attorney's fees, or (c) the issue was tried by consent. *In re Estate of Nunu*, 542 S.W.3d 67, 80 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). In this case none of these criteria were met.

As discussed above, section 53.156 is not a mandatory statute with regard to attorney's fees. Our review of the pleadings reveals that the Lopez Parties failed to make their claim for attorney's fees pursuant to section 53.156 in the trial court. The Lopez Parties did not request attorney's fees in response to Sage's motion to remove the lien. Because a trial court's judgment must conform to the pleadings, a party seeking attorney's fees must plead for them, specifying the legal standard under which the fees are sought. *See Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 659 (Tex. 2009) (holding party waived its right to recover attorney's fees under contractual provision by pleading for attorney's fees only under statutory provision); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 61–62 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding party could not recover attorney's fees under contractual provision when it pleaded for attorney's fees only under statutory provision). The Lopez Parties' request for "any further relief" was not sufficient to put Sage or the trial court on notice that they

8

sought attorney's fees pursuant to section 53.156.

Because the Lopez Parties failed to invoke the trial court's jurisdiction to render a judgment for attorney's fees by failing to plead the issue, there is no outstanding claim to breathe life into an otherwise moot appeal. We therefore overrule the Lopez Parties' issue requesting remand for consideration of attorney's fees.

## CONCLUSION

When a case becomes moot on appeal, we set aside or vacate the trial court's order and dismiss the appeal. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Reule v. RLZ Investments*, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.). In vacating the trial court's order removing the lien, we necessarily vacate the award of attorney's fees to Sage.[1] Having determined there is no live controversy for this court to address we vacate the trial court's order and dismiss the appeal.


/s/     Jerry Zimmerer
Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

---

[1] Sage concedes in its brief that its attorney's fee recovery is moot.