**IN RE: SMITH COUNTY, Relator**

**NO. 12-17-00140-CV**

Court of Appeals of Texas,
Tyler.

Opinion delivered June 30, 2017.

448.

Phillip Smith, Tyler, TX, for Relator.

Joseph P. Cocoran, Austin, TX, Kathleen O. Sibley, Beaumont, TX, for Appellee.

Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.

### OPINION

James Worthen, Justice

Smith County seeks a writ of mandamus directing the trial court to vacate its orders of April 17, 2017 and May 12, 2017, compelling disclosure of three closed sessions of the Smith County Commissioners Court.[1] We deny the petition for writ of mandamus as moot.

### BACKGROUND

On June 16, 2016, the previous Smith County judge, Joel Baker, was indicted for closing a regular meeting of the Smith County Commissioners Court to the public on the dates of July 8, 2014, July 29, 2014, and August 12, 2014, in violation of Chapter 551, Subchapter D, of the Texas Government Code. At these meetings, the commissioners court discussed the installation of speed cameras in county school zones by American Traffic Solutions (ATS). Baker executed a "professional services agreement" with ATS.

Following the recusal of the duly elected Smith County district attorney, a Smith County district judge appointed "Assistant Attorney General Adrienne McFarland, or any other Assistant Attorney General that they designate" as criminal district attorney pro tem to handle the case. In August 2016, in his capacity as the criminal district attorney pro tem for Smith County, Daniel Brody, Assistant Attorney General for the State of Texas, received recordings of the three aforementioned commissioners court meetings that Baker had convened in closed session. On December 12, 2016, A Judgment of Plea of No Contest in Misdemeanor Cause was entered against Baker, who received thirty days "non report" deferred adjudication probation and a fine of $200. Baker had previously resigned as county judge.

On March 24, 2017, Brody, in his capacity as an assistant attorney general for the State of Texas, received a request under the Public Information Act to turn over the recordings of the three closed commissioners court meetings. One week later, Brody sent the following electronic mail message to the presiding judge in the Baker case:

Dear Hon. Jack Carter,

Good afternoon. Attached to this email is a motion I wanted to file with you, cc'ing defense counsel, related to a Public Information Act request the Office of the Attorney General received. In a "conflict of law" related issue, as part of the Joel Baker prosecution, our office is now in possession of Closed Meetings of Smith County Commissioners Court. A citizen has asked for copies of those relevant Closed Meetings that were a part of the case.

Normally we would comply with providing the requestor copies of all the permitted documents allowed to be turned over by law, under the Public Information Act, once the criminal matter is closed. Of course, however, TOMA[2] declares that it would be a crime to turn

---

1. The real party in interest is the State of Texas. The Respondent is the Honorable Jack Carter, assigned judge for the 114th District Court of Smith County, Texas.

2. "TOMA" refers to the Texas Open Meetings Act.

over the Closed Meetings without lawful authority and without the District Judge's permission. With this conflict in mind, and wanting to comply with the Public Information Act by turning over all permitted public documents without criminally violating the Open Meetings Act, I have attached a motion and order for your consideration.

If the Closed Meetings, or relevant portions of the Closed Meetings became public record, in compliance with TOMA, and as described in my motion, then the lawful authority vested in your Order of the Court would permit the OAG to comply with the Public Information Act request without violating any other laws. I am available if you have any additional questions.

Regards,

 THE STATE OF TEXAS §

 §

 VS. §

 §

 JOEL PATRICK BAKER §

## ORDER REGARDING THE PUBLIC INFORMATION ACT AND GOVERNMENT CODE SECTION 551.104, TEXAS OPEN MEETINGS ACT

The State of Texas, acting by Assistant Attorney General Daniel Brody, acting District Attorney Pro Tem for Smith County, filed a motion for this court to determine whether certain portions of previously closed meetings of the Smith County Commissioners Court were improperly closed and should be deemed as an open meeting of that body.

Pursuant to that application, the Court has conducted an in camera inspection of the certified agendas and closed meeting recordings of the Smith County Commissioners Court dated July 8, 2014, July 29, 2014 and August 12, 2014.

Daniel Brody
Assistant Attorney General
Texas Attorney General's Office
Criminal Prosecutions Division
White Collar Crime & Public Integrity Section

In reply, Judge Carter expressed the belief that his plenary power in the case had ended, but that he might be able to enter further orders in the case if Presiding Judge Mary Murphy of the First Administrative Judicial Region reassigned him to Baker's case. On April 7, 2017, Judge Murphy signed an order assigning Judge Carter to the case. After Brody filed a motion, Judge Carter entered the following order:

CAUSE NO. 114-0839-16

IN THE 114th JUDICIAL

DISTRICT COURT OF

SMITH COUNTY, TEXAS

After a thorough review of such agendas and recordings the court finds that as it relates to deliberations about American Traffic Solutions conducted by Smith County Commissioners Court in closed meetings on July 8, July 29 and August 12, 2014, said portions of the closed meetings were conducted in violation of the Government Code Section 551, Texas Open Meetings Act.

Upon a finding that there was a violation of the Texas Open Meeting[s] Act, said portions of the closed meetings of Smith County Commissioners Court were required to be open to the public, and as enumerated in Government Code Section 551.104, the District Court may order that the certified agendas or recordings of the closed meetings be made available to the public.

Upon a finding that disclosure of the specified materials would be in the public interest and an appropriate exercise of this Court's discretion under Government Code Section 551.104 and in compliance with Government Code Section 552, The Texas Public Information Act; it is hereby ORDERED, that the certified agendas and recordings of closed meetings of the Smith County Commissioners Court, dated July 8, 2014, July 29, 2014 and August 12, 2014 related to deliberations about American Traffic Solutions be made available to the public. It is hereby ORDERED that Smith County, Texas will immediately make available for public inspection and copying the certified agendas and recordings of the July 8, July 29, and August 12, 2014 closed meetings of the Smith County Commissioners Court related only to deliberations about American Traffic Solutions by filing the same in the public records of the Smith County Clerk.

IT IS FURTHER ORDERED, that the State of Texas has lawful authority to provide to the public said portions of the closed meetings recordings pertaining to deliberations about American Traffic Solutions, if properly requested under the Public Information Act so that the State can be in compliance with the requirements and stated purpose of the Public Information Act without violating any other laws as stated in the Texas Government Code.

SIGNED this 17 day of April, 2017.

Jack Carter
Assigned Judge
Sitting for 114th
District Court

The next day, with this order in hand, Brody released the recordings of the three closed commissioners' court meetings to the citizen who made the public information request. According to Brody, the requestor uploaded the recordings in their entirety to the internet. Subsequently, the *Tyler Morning Telegraph* ran a lengthy article, beginning on page one, above the fold, describing these three closed commissioners' court meetings.[3] The *Tyler Morning Telegraph* also published an editorial evaluating elected county officials' participation in the three meetings.[4] Other media outlets likewise covered the three meetings. Recordings of the three meetings remain on the internet.

On May 5, the Smith County District Attorney's Office filed a Relator's Petition for Writ of Mandamus and Emergency Relief which ended with the following:

[t]he officials and employees of Smith County are caught between a trial court's order and a statute that threatens criminal prosecution and potential jail time if violated.

. . .

Smith County respectfully requests that the Court grant its petition and direct the trial court to vacate its April 17, 2017 order compelling disclosure of all three closed session meetings: July 8, 2014, July 29, 2014, and August 12, 2014. Smith County further requests temporary relief from the April 17, 2017 order pending the Court's resolution of this original proceeding.

In Relator's Emergency Motion for Stay, Smith County stated, "The trial court's order of April 17, 2017 is at the heart of this matter for which the Relator

---

**3.** Faith Harper & Roy Maynard, *UPDATE: Videos Released After Judge Rules Smith County Commissioners Violated Texas Open Meetings Act,* Tyler Morning Telegraph, April 25, 2017.

**4.** *Editorial: Smith County Officials aren't Above the Law,* Tyler Morning Telegraph, April 26, 2017.

has filed the writ of mandamus[.]" Smith County further expressed the following concerns:

> [T]he order commands Smith County to take immediate action.... Further, the real danger to Smith County and its employees is the potential civil and criminal liability that could accrue if the County complies with the order pending a decision by this court. That danger would appear to be uncorrectable if a stay is not granted; there is no provision for retrieving information that is released in compliance with an order that is ultimately declared void.

We ordered Brody to file a response and entered a stay, which stated the following:

> It is **FURTHER ORDERED** that the portion of the trial court's order of April 17, 2017 in trial court cause number 114-0839-16 in which the trial court ordered that Smith County immediately make available for public inspection and copying the certified agendas and recordings of the July 8, July 29, and August 12, 2014, closed meetings of the Smith County Commissioners Court related only to deliberations about American Traffic Solutions is hereby Stayed pending further orders of this Court.

Brody, in his dual capacities, filed a brief on behalf of "Real Party in Interest, the State of Texas." Attached to his brief was an amended order signed by Judge Carter AND dated May 12. Its wording mirrored the April 17 order, but with the following section deleted:

> [I]t is hereby ORDERED, that the certified agendas and recordings of closed meetings of the Smith County Commissioners Court, dated July 8, 2014, July 29, 2014 and August 12, 2014 related to deliberations about American Traffic Solutions be made available to the public. It is hereby ORDERED that Smith County, Texas will immediately make available for public inspection and copying the certified agendas and recordings of the July 8, July 29, and August 12, 2014 closed meetings of the Smith County Commissioners Court related only to deliberations about American Traffic Solutions by filing the same in the public records of the Smith County Clerk.

With the May 12 order deleting the language over which Smith County expressed concerns, Brody contends the petition for writ of mandamus is now moot. In response, Smith County argues that its petition is not moot because "the officials and employees of Smith County are caught between a trial court's order and a statute that threatens criminal prosecution and potential jail time if violated."

## AVAILABILITY OF MANDAMUS

■ Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The purpose of mandamus is to compel a lower court or government official to perform a particular duty or refrain from an unauthorized act. *See Turner v. Pruitt*, 161 Tex. 532, 342 S.W.2d 422, 423 (1961). "A court will not grant a writ of mandamus unless it is convinced that the issuance of such a writ will effectively achieve the purpose sought by appellant." *Econ. Opportunities Dev. Corp. v. Bustamante*, 562 S.W.2d 266, 267 (Tex. Civ. App.—San Antonio 1978, writ dism'd).

## MOOTNESS

We first address Brody's contention that this original proceeding is moot because of the trial court's May 12 order deleting the language challenged by Smith County.

## Standard of Review and Applicable Law

 The mootness doctrine implicates subject matter jurisdiction. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, pet. dism'd). The application of the mootness doctrine is reviewed de novo on appeal. *Matthews v. Kountze Ind. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). "The mootness doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Id.* "It prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1." *Id.*

 "If the controversy no longer exists—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Reule v. RLZ Inv.*, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). When a judgment "cannot have a practical effect on an existing controversy, the case is moot and any opinion issued on the merits in the appeal would constitute an impermissible advisory opinion." *Reule*, 411 S.W.3d at 32. An opinion is advisory when it neither constitutes specific relief to a litigant nor affects legal relations. *See Houston Chronicle Publ'g Co. v. Thomas*, 196 S.W.3d 396, 401 (Tex. App.—Houston [1st Dist.] 2006, no pet.). When directing a trial court to vacate an order that can have no practical effect, we will not issue a writ of mandamus if it would be useless or unavailing. *See Dow Chem. Co. v. Garcia*, 909 S.W.2d 503, 505 (Tex. 1995). Nor will an appellate court issue a writ of mandamus to compel the doing of a meaningless action. *Cont'l Oil Co. v. Lesher*, 500 S.W.2d 183, 186 (Tex. Civ. App.—Houston [1st Dist.] 1973, no pet.).

## Analysis

 The recordings of the three closed commissioners' court meetings were released to the requester on April 18 and, shortly thereafter, posted on the internet. The recordings are currently available on the internet. Additionally, there has been ample opportunity for public discussion following the media reports on the meetings. Brody contends that Smith County's petition for writ of mandamus is now moot because any order from this Court directed to the trial judge would have no practical effect. Even Smith County admits that "there's no provision for retrieving information" that has been released to the public.

However, Smith County contends that its petition for writ of mandamus is not moot. It bases this contention on section 551.104 of the government code, which states:

(a) A governmental body shall preserve the certified agenda or recording of a closed meeting for at least two years after the date of the meeting. If an action involving the meeting is brought within that period, the governmental body shall preserve the certified agenda or recording while the action is pending.

(b) In litigation in a district court involving an alleged violation of this chapter, the court:

(1) is entitled to make an in camera inspection of the certified agenda or recording;

(2) may admit all or part of the certified agenda or recording as evidence, on entry of a final judgment; and

(3) may grant legal or equitable relief it considers appropriate, including an order that the governmental body make available to the public the certified agen-

da or recording of any part of a meeting that was required to be open under this chapter.

TEX. GOV'T CODE ANN. § 551.104(a), (b) (West 2017). Smith County argues that this statute, when read with the orders of April 17 and May 12, make it liable in both the civil and criminal contexts if it releases these three recordings.

When "construing a term or phrase, we consider the context of the entire statute— the surrounding words or the 'lexical environment.'" *In re CVR Energy, Inc.*, 500 S.W.3d 67, 76 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (citing *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014)). We must review the context of the language used in the statute. *See CVR Energy*, 500 S.W.3d at 75. In so construing the language of section 551.104, it is clear that the statute applies to litigation before the recording of a closed meeting is made available to the public. *See* TEX. GOV'T CODE ANN. § 551.104(a), (b). Thus, in this case, once the recordings of the closed meetings became readily available to the public, section 551.104 no longer applies, and Smith County's rationale for seeking mandamus relief no longer exists.

Nevertheless, in its reply to Brody's brief, Smith County contends that, even if we conclude that this matter is moot, a writ should still issue based upon the "public interest exception." This exception "allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review." *Univ. Interscholastic League v. Buchanan*, 848 S.W.2d 298, 303 (Tex. App.—Austin 1993, no writ).

When public information is requested from the government in Texas, it must promptly be produced under the Public Information Act (PIA). *See* TEX. GOV. CODE ANN. § 552.221 (West Supp. 2016). "Public information" in pertinent part, is any information written, produced, collected, assembled, or maintained under the law or ordinance, or in connection with the transaction of official business, by a governmental body. *Id.* § 552.002(a)(1) (West Supp. 2016). The interaction between the PIA and the Texas Open Meetings Act has been discussed by our supreme court in *City of Garland v. Dallas Morning News*, 22 S.W.3d 351 (Tex. 2000). Accordingly, this is a question that has not evaded appellate review in Texas. *See id.* at 366-67.

■ Moreover, the Texas Supreme Court has not yet decided the viability of the public interest exception to the mootness doctrine. *See FDIC v. Nueces Cty.*, 886 S.W.2d 766, 767 (Tex. 1994). The First Court of Appeals has recognized the split in authority among the appellate courts regarding the viability of the public interest exception, and declined to follow the exception. *Thomas*, 196 S.W.3d at 400. The court explained that, "until and unless the Texas Supreme Court recognizes the public interest exception to the mootness doctrine, it is not a viable legal theory in our jurisdiction." *Id.* ("[J]udicial restraint compels us to wait until that court decides to resolve the split in authority in the intermediate appellate courts[ ]"). For this reason, we likewise decline to apply the exception in this case.

■ A court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role under our constitution to decide contested cases. *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993). As previously stated, Smith County seeks a writ of mandamus to compel the trial court to vacate its April 17 and May 12 orders. However, advising the trial

judge in this mandamus proceeding that he should not have issued the orders would have no practical effect for Smith County. It would only amount to an advisory opinion. *See Reule*, 411 S.W.3d at 32; *see also Thomas*, 196 S.W.3d at 401. The information that Smith County objects to is already public. Because the three recordings are public, there is no threat of criminal liability under the Texas Open Meetings Act for Smith County officials or employees. Accordingly, granting the requested relief would be meaningless. *See Lesher*, 500 S.W.2d at 186. We will not compel a useless act. *See Dow Chem. Co.*, 909 S.W.2d at 505. "Under our constitution, courts simply have no jurisdiction to render advisory opinions." *Speer*, 847 S.W.2d at 229 (citing TEX. CONST. art. II, § 1); *see*

*Matthews*, 484 S.W.3d at 418. Thus, we hold that there no longer exists a judiciable controversy in this case, and Smith County's petition for writ of mandamus is moot. *See Matthews*, 484 S.W.3d at 418; *see also Reule*, 411 S.W.3d at 32.

## Conclusion

For the reasons explained above, we vacate our stay of May 8, 2017. We *deny* the petition for writ of mandamus as *moot*.