

# NUMBER 13-17-00706-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CONSTANCE ANTHONY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Chief Justice Valdez[1]**

By pro se petition for writ of mandamus filed on December 27, 2017, relator Constance Anthony seeks to compel the preparation of a court reporter's record for use in a related appeal: *Constance Anthony v. Seaside Rentals,* currently pending in our Court in cause number 13-17-00178-CV. Anthony asserts that she is indigent and entitled to preparation of the record. On January 4, 2018, in the related appeal, the court reporter

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

filed a motion for extension of time to file the record and acknowledged that Anthony is entitled to appeal without paying the fee for the record.

Because Anthony has already received the relief that she requests in this original proceeding, this original proceeding no longer presents a justiciable controversy and has been rendered moot. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (stating that a case becomes moot "if a controversy ceases to exist between the parties at any stage of the legal proceedings"); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought); *see also In re Smith Cty.*, 521 S.W.3d 447, 455 (Tex. App.—Tyler 2017, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that this petition for writ of mandamus is moot. Accordingly, we DISMISS this original proceeding and all relief sought therein as moot. *See* TEX. R. APP. P. 52.8(a). Anthony's appeal remains pending in this Court and will proceed in due course.

ROGELIO VALDEZ
CHIEF JUSTICE

Delivered and filed this
9th day of January, 2018.

2