

# NUMBER 13-20-00362-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JASMINE B. CUELLAR

On appeal from the 404th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Hinojosa, Perkes, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Relator Jasmine B. Cuellar filed a petition for writ of mandamus and motion for emergency relief in the above cause. Relator contends that the trial court abused its discretion, leaving her without an adequate appellate remedy, by granting real party in interest, Adam T. Garcia, Jr.'s request for temporary orders pending the trial court's final ruling on Garcia's petition to modify the parent-child relationship.

We granted relator's motion for emergency relief, staying the trial court's temporary orders until further order of this Court. Subsequently, relator filed a "Request for

Abatement" advising the Court that the respondent in this original proceeding, the Honorable Elia Cornejo Lopez, presiding judge of the 404th Judicial District Court of Cameron County, Texas, recused herself from the underlying proceedings. We granted the request for abatement and remanded the matter to the trial court to afford the successor judge, the Honorable Martin Chiuminatto, the opportunity to consider the rulings at issue. A supplemental clerk's record has since been filed containing an order signed by Judge Chiuminatto that vacates the complained-of temporary orders.

The Court, having examined and fully considered the petition for writ of mandamus is of the opinion that this matter has been rendered moot. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (stating that a case becomes moot "if a controversy ceases to exist between the parties at any stage of the legal proceedings"); *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994) (stating that, for a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought); *see also In re Smith County*, 521 S.W.3d 447, 455 (Tex. App.—Tyler 2017, orig. proceeding).

Accordingly, we reinstate the case and DISMISS the petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8(a); *see also In re State Farm Lloyds*, No. 13-17-00702-CV, 2018 WL 387781, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 12, 2018, no pet.).

2

LETICIA HINOJOSA
Justice

Delivered and filed the
17th day of December, 2020.