

# NUMBER 13-21-00199-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JUAN FRANCISCO JIMENEZ AND ROLANDO QUINTANA, SUBSTITUTE TRUSTEE

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria[1]**

Relators Juan Francisco Jimenez and Rolando Quintana, Substitute Trustee, filed a petition for writ of mandamus in this cause on June 24, 2021. Through this original proceeding, relators sought to compel the trial court to (1) vacate a temporary restraining order and an order setting aside a foreclosure on grounds that these orders are void, and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

(2) grant relators' motion to dismiss under Texas Rule of Civil Procedure 91a because the underlying lawsuit is baseless. *See* TEX. R. CIV. P. 91a (providing for the dismissal of "baseless causes of action"). This Court requested, but did not receive, a response to the petition for writ of mandamus from the real party in interest, Pedro Saldivar. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. However, the relators have now filed a motion to dismiss this original proceeding on grounds that the trial court has provided them with the relief sought and has "corrected its errors." The relators contend that their petition for writ of mandamus has been rendered moot, and they request that we dismiss this original proceeding.

The Court, having examined and fully considered the motion to dismiss, is of the opinion that it should be granted. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) (stating that a case becomes moot "if a controversy ceases to exist between the parties at any stage of the legal proceedings"); *see also In re Smith Cnty.*, 521 S.W.3d 447, 455 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, we grant the motion to dismiss, and we dismiss this original proceeding as moot.

NORA L. LONGORIA
Justice

Delivered and filed on the
13th day of August, 2021.

2