

# NUMBER 13-21-00274-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE GREG ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS, AND KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF TEXAS

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Silva[1]

In this original proceeding, relators Greg Abbott, in his official capacity as Governor of the State of Texas, and Ken Paxton, in his official capacity as Attorney General of the State of Texas, asserted that the trial court clearly abused its discretion in enjoining the enforcement of Executive Order GA-38 issued pursuant to the Governor's authority under

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

the Texas Disaster Act. This Court requested that the real party in interest, Point Isabel Independent School District (Point Isabel), file a response to the petition for writ of mandamus. However, Point Isabel has now filed an unopposed motion to dismiss this original proceeding on grounds that it has been rendered moot by subsequent events that have occurred in the trial court. Point Isabel thus requests that we dismiss this petition for writ of mandamus for lack of jurisdiction.

The Court, having examined and fully considered the unopposed motion to dismiss this original proceeding, is of the opinion that it should be granted. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties— that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see also In re Smith Cnty.*, 521 S.W.3d 447, 455 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, we grant Point Isabel's unopposed motion to dismiss, and we dismiss this original proceeding for lack of jurisdiction.

CLARISSA SILVA
Justice

Delivered and filed on the
20th day of September, 2021.

2