

## NUMBER 13-21-00220-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

## IN RE MCCOY CORPORATION AND ERIK DELGADILLO

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Longoria[1]**

By petition for writ of mandamus, relators McCoy Corporation and Erik Delgadillo asserted that the trial court erred in compelling the depositions of Ron Van Winkle, Waylon Walker, Beth Ramsey, John Grimsley, Rachel Stauffer, and Randy Padilla. We previously abated this original proceeding because the parties were "engaged in discussions to resolve the subject of this proceeding without further Court ruling." Relators

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

have now filed an unopposed motion to dismiss their petition for writ of mandamus on grounds that they have reached an agreement with real party in interest Israel Gutierrez regarding the matters at issue here. They request that we dismiss their petition for writ of mandamus with each party to bear its own costs.

The Court, having examined and fully considered the unopposed motion to dismiss this original proceeding, is of the opinion that it should be granted. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see also In re Smith Cnty.*, 521 S.W.3d 447, 455 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, we reinstate this original proceeding. We lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We grant relators' unopposed motion to dismiss, and we dismiss this original proceeding.

NORA L. LONGORIA
Justice

Delivered and filed on the
14th day of October, 2021.

2