

## NUMBER 13-21-00451-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE CITY OF VICTORIA, TEXAS

### On Petition for Writ of Prohibition and Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides[1]

Relator City of Victoria, Texas filed a petition for writ of prohibition and writ of mandamus seeking to compel the trial court to: (1) withdraw a void order setting a hearing on a motion for reconsideration; and (2) refrain from exercising jurisdiction over any motion or other matter in the underlying case. The Court requested that the real party in interest, Keith Redburn, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P 52.2,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

52.4, 52.8. However, relator has now informed us that the parties have reached an agreement on the finality of the judgment in the underlying matter and "there is no longer a basis for [relator] to seek [its] requested relief."

The Court, having examined and fully considered the petition for writ of mandamus and relator's notice to the Court, is of the opinion that this original proceeding should be dismissed. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see also In re Smith Cnty.*, 521 S.W.3d 447, 455 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, we dismiss this original proceeding.

GINA M. BENAVIDES
Justice

Delivered and filed on the
24th day of January, 2022.

2