

# NUMBER 13-22-00178-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE THE STATE OF TEXAS

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Chief Justice Contreras[1]**

On April 20, 2022, relator the State of Texas filed a petition for writ of mandamus through which it asserted that the trial court abused its discretion by granting a motion to abate the underlying condemnation proceedings based on alleged violations of the Texas Property Code. On April 22, 2022, this Court requested that the real parties in interest, George Roberts, Olivia Roberts, and Rita Collier, or any others whose interest would be

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8. However, relator has now filed a motion to dismiss this petition for writ of mandamus on grounds that the trial court has lifted its abatement, and the petition for writ of mandamus is now moot. Relator asks that we dismiss this original proceeding and assess costs against the party incurring them.

The Court, having examined and fully considered relator's motion to dismiss, is of the opinion that it should be granted. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see also In re Smith County*, 521 S.W.3d 447, 453–55 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, we grant relator's motion to dismiss, and we dismiss this petition for writ of mandamus. Costs shall be assessed against the party incurring them.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
1st day of June, 2022.

2