

# NUMBER 13-22-00257-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

## Before Chief Justice Contreras and Justices Longoria and Tijerina
## Memorandum Opinion by Justice Longoria[1]

On June 2, 2022, relator The Texas Department of Family and Protective Services (the Department) filed a petition for writ of mandamus asserting that the trial court "abused its discretion in entering an order requiring the Department to take possession and conservatorship of a child in a suit to which the Department was not a party." By motion

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

for temporary emergency relief, the Department sought to stay the trial court's order of May 31, 2022, and any contempt proceedings, sanctions, or enforcement actions based on that order pending resolution of this original proceeding. On June 3, 2022, this Court granted the Department's motion for temporary emergency relief, ordered the trial court's May 31, 2022 order to be stayed, and requested that the real party in interest, DeWitt County, Texas, or any others whose interest would be directly affected by the relief sought, including but not limited to attorney ad litem Julie Hale and guardian ad litem CASA Golden Crescent, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.2, 52.4, 52.8, 52.10(b). However, the Department has now filed a motion to dismiss its petition for writ of mandamus on grounds that the trial court vacated its May 31, 2022 order, and the petition for writ of mandamus is now moot. The Department asks that we dismiss this original proceeding.

The Court, having examined and fully considered the Department's motion to dismiss, is of the opinion that it should be granted. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal."); *see also In re Smith County*, 521 S.W.3d 447, 453–55 (Tex. App.—Tyler 2017, orig. proceeding). Accordingly, we lift

the stay previously imposed in this case, we grant the Department's motion to dismiss, and we dismiss this petition for writ of mandamus.

NORA L. LONGORIA
Justice

Delivered and filed on the
14th day of June, 2022.