# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00733-CV

### In re MTG Management, Inc. and Guy Oliver

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relators MTG Management, Inc., and Guy Oliver filed a petition for writ of mandamus seeking to have this Court order the trial court to vacate its order compelling the production of MTG's general ledger. Relator MTG has informed this Court that it elected to produce the general ledger at issue and that the dispute is now moot. We agree and, therefore, dismiss this mandamus proceeding as moot. *See* Tex. R. App. P. 52.8; *see also Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) (explaining that "a case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties," meaning that "the court's action on the merits cannot affect the parties' rights or interests"); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (noting that case becomes moot if controversy ceases to exist between parties "at any stage of the legal proceedings"); *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (concluding that discovery dispute "became moot when" party "complied with the trial court's discovery order"); *In re Smith Cnty.*, 521 S.W.3d 447, 454-55 (Tex. App.—Tyler 2017, orig. proceeding) (denying

mandamus petition as moot because granting requested relief would have no practical effect and would "only amount to an advisory opinion").

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Filed:   December 2, 2022