# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:  THE TRAVELERS* | § | |
| *INDEMNITY COMPANY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

The Travelers Indemnity Company filed this original proceeding, complaining of Respondent's (1) failure to sign an order memorializing her prior email ruling on Travelers's motion to dismiss or stay in favor of arbitration, and (2) signing a scheduling order requiring the parties to complete discovery and file pretrial documents and setting trial for January 2023.[1]  We deny the writ as moot.

### BACKGROUND

Real Party in Interest Grapeland Independent School District sued Travelers and the Texas Rural Education Association Risk Management Cooperative ("TREA") for damages related to a claim settlement.[2] Travelers filed a motion to dismiss Grapeland's claims against it or stay the litigation in favor of arbitration. After hearing the parties' arguments, Respondent did not rule on the motion but gave the parties time to conduct research and provide case law.

On October 18, 2021, Respondent sent an email to the parties, in which she denied Travelers's motion. On November 4, Travelers submitted a proposed order for Respondent's signature. Travelers filed a notice of appeal from the email ruling on November 8.  On June 30, 2022, we dismissed the appeal for want of jurisdiction because the record did not show that a decision on Travelers's motion was announced orally in open court or by memorandum filed

---

[1] Respondent is the Honorable Pam Foster Fletcher, Judge of the 349th District Court in Houston County, Texas.

[2] TREA is not a party to this proceeding.

with the clerk; thus, there was no appealable order for us to review.[3]  On October 18, November 8, November 30, and December 2, Travelers submitted a proposed order to Respondent in an attempt to obtain an appealable order.

On December 5, Travelers filed this original proceeding, along with a motion for emergency relief seeking a stay of the underlying proceedings.  On December 6, Travelers filed a letter with this Court to advise that Respondent signed a written order memorializing her previous email ruling.  On December 7, Travelers filed a notice of appeal from the order under Section 51.016 of the civil practice and remedies code and that appeal is pending in cause number 12-22-00311-CV.[4]

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

## ANALYSIS

In its petition, Travelers argues that Respondent abused her discretion by refusing to sign an order memorializing her email ruling in which she denied Travelers's motion to dismiss or stay in favor of arbitration, while at the same time proceeding with the litigation and scheduling trial.  Travelers further seeks an order compelling Respondent to vacate her scheduling order setting trial for January 17 and an order staying all underlying proceedings pending final disposition of Travelers's appeal.  In its December 6 letter to this Court, Travelers posits that,

---

[3] *Travelers Indem. Co. v. Grapeland Indep. School Dist.*, No. 12-21-00204-CV, 2022 WL 2374403, at *1 (Tex. App.—Tyler June 30, 2022, no pet.) (mem. op.).

[4] *See* TEX. CIV. PRAC. & REM CODE ANN. § 51.016 (West 2015) (appeal arising under Federal Arbitration Act (FAA)); *see also* **CMH Homes v. Perez**, 340 S.W.3d 444, 448 (Tex. 2011) (before enactment of Section 51.016, parties seeking to appeal from order refusing to compel arbitration commonly filed both an appeal under Texas Arbitration Act and mandamus under FAA).

although the signed order resolves one of its requests for relief, it does not resolve the emergency motion requesting a stay of the trial and underlying proceedings. Thus, Travelers asks this Court to grant the relief requested in its emergency motion and mandamus petition. Grapeland, however, contends that both Travelers's petition and motion for emergency relief are moot. We agree.

The mootness doctrine implicates subject matter jurisdiction. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, pet. dism'd). The "doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews v. Kountze Ind. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). "It prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1." *Id*. "If the controversy no longer exists—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Reule v. RLZ Inv.*, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). A court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role under our constitution to decide contested cases. *In re Smith County*, 521 S.W.3d 447, 454 (Tex. App.—Tyler 2017, orig. proceeding) (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993)).

Because Respondent signed the order of denial, Travelers is now able to pursue an appeal from the order and has filed such an appeal. Moreover, Travelers has available avenues for obtaining a stay of the underlying proceedings, which necessarily includes the scheduling order setting a trial date, while its interlocutory appeal is pending. *See* TEX. R. APP. P. 29.3 (when interlocutory appeal is perfected, appellate court may make any temporary orders necessary to preserve parties' rights until disposition of appeal and may require appropriate security, but must not suspend trial court's order if appellant's rights would be adequately protected by supersedeas or another order made under Rule 24); *see also Levy Rentals, LLC v. TC&C Inv., LLC*, No. 03-21-00320-CV, 2021 WL 3857600 (Tex. App.—Austin Aug. 30, 2021, per curiam order) (staying underlying proceedings until disposition of appeal from denial of motion to abate and compel arbitration); *PlainsCapital Bank v. Krasovec*, No. 03-19-00808-CV, 2020 WL 1071363, at *1 (Tex. App.—Austin Mar. 5, 2020, per curiam order) (staying trial court proceedings pending resolution of interlocutory appeal from order denying motion to compel arbitration); *NACE Int'l*

*v. Johnson*, No. 01-15-00529-CV, 2016 WL 4486158, at *2 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.) (noting that trial court stayed proceedings pending appeal from interlocutory order denying motion to compel arbitration). Under these circumstances, advising Respondent in this mandamus proceeding that she should have signed the order of denial within a reasonable time or should not have issued the scheduling order would have no practical effect. *See **Smith County***, 521 S.W.3d at 455. "Under our constitution, courts simply have no jurisdiction to render advisory opinions." ***Speer***, 847 S.W.2d at 229 (citing TEX. CONST. art. II, § 1).

Thus, we hold that there no longer exists a judiciable controversy in this case, and Travelers's petition for writ of mandamus is moot. *See **Smith County***, 521 S.W.3d at 455; *see also **Reule***, 411 S.W.3d at 32. For this reason, we cannot use our writ authority to grant a stay of the underlying proceedings. *See* TEX. R. APP. P. 52.10(a)-(b) (authorizing appellate courts to grant any just relief, including a stay of the underlying proceedings, *pending the court's action on the petition*); *see also **In re Baby Dolls Topless Saloons, Inc.***, No. 05-20-00015-CV, 2020 WL 881017, at *1-2 (Tex. App.—Dallas Feb. 24, 2020, orig. proceeding) (mem. op.) (denying mandamus petition where relators filed interlocutory appeal from denial of motion to compel arbitration and had other avenues available for obtaining a stay pending appeal; the court explained that denial of the petition required denial of the requested stay as moot, noting that "we cannot divorce the incidental relief of a stay from our mandamus standard").[5]

## DISPOSITION

Having determined that Travelers's petition for writ of mandamus is moot, we ***deny as moot*** both the petition and emergency motion for stay.

---

[5] Travelers cites three cases to support its position that we should order Respondent to vacate her scheduling order and stay all trial court proceedings. Two cases involve parallel mandamus/appeal proceedings challenging the denial of a motion to compel arbitration. In one case, the court reversed the trial court's order and, consequently, denied the mandamus petition as moot. *See **Houston Progressive Radiology Assoc., PPLC v. Lee***, 474 S.W.3d 435, 439, 442 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The second case, out of this Court, predates enactment of Section 51.016 when parties typically sought to appeal from orders refusing to compel arbitration by filing both an appeal under the TAA and mandamus under the FAA. *See **Citizens Nat'l Bank v. Bryce***, 271 S.W.3d 347, 353 (Tex. App.—Tyler 2008, no pet.); *see also **Perez***, 340 S.W.3d at 448. Accordingly, we find neither case persuasive with respect to this particular proceeding. The third case is ***PlainsCapital Bank v. Krasovec***, No. 03-19-00808-CV, 2020 WL 1071363 (Tex. App.—Austin Mar. 5, 2020, per curiam order), which this Court likewise cites and which supports a conclusion that a stay can be pursued in the interlocutory appeal from Respondent's order denying Travelers's motion to dismiss or stay in favor of arbitration. *See **Krasovec***, 2020 WL 1071363, at *1.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 16, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2022**

**NO. 12-22-00310-CV**

**THE TRAVELERS INDEMNITY COMPANY,**
Relator
V.

**HON. PAM FOSTER FLETCHER,**
Respondent

___

### ORIGINAL PROCEEDING

___

ON THIS DAY came to be heard the petition for writ of mandamus filed by The Travelers Indemnity Company; who is the relator in appellate cause number 12-22-00310-CV and the defendant in trial court cause number 20-0060, pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on December 5, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied as moot**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

6