# NO. 12-24-00296-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *TEXAS HEALTH AND HUMAN SERVICES COMMISSION,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
### *PER CURIAM*

The Texas Health and Human Services Commission (the Commission) filed this original proceeding to challenge Respondent's actions taken during a purported automatic stay.[1] We deny as moot.

## BACKGROUND

Real Party in Interest David McGowan sued Rusk State Hospital (the Hospital) for discrimination and retaliation under the Texas Human Rights Act.[2] The Commission filed a plea to the jurisdiction asserting that (1) McGowan failed to allege discrimination and retaliation claims, a prima facie aiding and abetting discrimination claim, or a pattern and practice claim, and (2) sovereign immunity barred McGowan's punitive damages claim. The Commission filed a motion to stay discovery pending resolution of the plea to the jurisdiction. McGowan sought to compel certain discovery and sought a stay of a ruling on the plea to the jurisdiction to allow

---

[1] Respondent is the Honorable R. Chris Day, Judge of the 2nd District Court in Cherokee County, Texas.

[2] According to the Commission, the Hospital is a state-run hospital administered and overseen by the Commission and is not a separate entity, making the Commission the proper defendant.

time to conduct discovery. Although Respondent granted the Commission's request for a stay of discovery, he also signed an order that, in pertinent part, granted McGowan's motion to stay a ruling on the plea to the jurisdiction and granted McGowan's motion to compel certain discovery. Respondent subsequently clarified that his order "permits discovery that is germane to Plaintiff's response to Defendant's Plea to the Jurisdiction." McGowan later filed another motion to compel accusing Appellants of "stonewall[ing]."

On July 17, 2024, Respondent signed a discovery order requiring that the Commission produce complete answers to all discovery requests within thirty days and to produce certain witnesses for deposition within sixty days. On August 6, the Commission filed a notice of appeal from the "implicit denial" of its plea to the jurisdiction. During the appeal's pendency, Respondent held a hearing on McGowan's motion to enforce and issued another discovery order. This proceeding followed.

### MOOTNESS

The mootness doctrine implicates subject matter jurisdiction. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, pet. dism'd). The "doctrine applies to cases in which a justiciable controversy exists between the parties at the time the case arose, but the live controversy ceases because of subsequent events." *Matthews v. Kountze Ind. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016). "It prevents courts from rendering advisory opinions, which are outside the jurisdiction conferred by Texas Constitution article II, section 1." *Id*. "If the controversy no longer exists—'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome'—the case becomes moot." *Reule v. RLZ Inv.*, 411 S.W.3d 31, 32 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001)). A court's duty to dismiss a case as moot arises from a proper respect for the judicial branch's unique role under our constitution to decide contested cases. *In re Smith County*, 521 S.W.3d 447, 454 (Tex. App.—Tyler 2017, orig. proceeding) (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229 (Tex. 1993)).

The Commission complains that Respondent violated the automatic stay imposed by Section 51.014(b) of the Civil Practice and Remedies Code by (1) conducting a hearing on McGowan's motion to enforce discovery order and for sanctions, and (2) signing an order compelling the Commission to produce discovery and pay sanctions during pendency of the

2

State's appeal.[3] However, in an opinion issued this day in appellate cause number 12-24-00295-CV, this Court dismissed the Commission's appeal for want of jurisdiction. Accordingly, advising Respondent in this mandamus proceeding that he should not have conducted a hearing or signed a discovery order during pendency of the appeal would have no practical effect. *See Smith County*, 521 S.W.3d at 455. "Under our constitution, courts simply have no jurisdiction to render advisory opinions." *Speer*, 847 S.W.2d at 229 (citing TEX. CONST. art. II, § 1). Thus, we hold that there no longer exists a judiciable controversy in this case, and the Commission's petition for writ of mandamus is moot. *See Smith County*, 521 S.W.3d at 455; *see also Reule*, 411 S.W.3d at 32.

### DISPOSITION

Having determined that a judiciable controversy no longer exists in this case, we ***deny as moot*** the Commission's petition for writ of mandamus.

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that grants or denies a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2024). An interlocutory appeal from such an order stays the commencement of a trial pending resolution of the appeal and stays all other proceedings in the trial court pending resolution of that appeal. *Id*. § 51.014(b).

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00296-CV**

**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
Relator
V.

**HON. JUDGE R. CHRIS DAY,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by the Texas Health and Human Services Commission; who is the relator in appellate cause number 12-24-00296-CV and the defendant in trial court cause number 2021040098, pending on the docket of the 2nd Judicial District Court of Cherokee County, Texas. Said petition for writ of mandamus having been filed herein on October 8, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied as moot**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*